## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT WILHELM, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| MIRATI THERAPEUTICS, INC., FAHEEM | ) | **FEDERAL SECURITIES LAWS** |
| HASNAIN, CHARLES BAUM, BRUCE | ) | |
| CARTER, JULIE CHERRINGTON, AARON | ) | JURY TRIAL DEMANDED |
| DAVIS, CAROL GALLAGHER, CRAIG | ) | |
| JOHNSON, MAYA MARTINEZ-DAVIS, and | ) | |
| SHALINI SHARP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Robert Wilhelm ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Mirati Therapeutics, Inc. ("Mirati" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Bristol Myers Squibb Company ("BMS").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2.      On October 8, 2023, Mirati entered into an Agreement and Plan of Merger (the "Merger Agreement") with BMS and BMS's wholly-owned subsidiary Vineyard Merger Inc. The Merger Agreement provides that Company stockholders will receive $58.00 and one non-transferable contingent value right ("CVR") per share of Mirati common stock in connection with the Proposed Transaction.[2]

3.      The Company's corporate directors subsequently authorized the November 2, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company unitholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's unitholders prior to the forthcoming vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the

---

[2] The non-transferable CVRs will entitle Mirati stockholders to receive  $12.00 in cash, without interest and subject to applicable tax withholdings upon (a) the submission of a New Drug Application filed with the U.S. Food and Drug Administration ("FDA") for the approval of MRTX1719 for the treatment of either locally advanced or metastatic non-small cell lung cancer that is indicated for use in patients who have received no more than two prior lines of systemic therapy and (b) the FDA's confirmation of acceptance of the filing of such application, in each case, prior to the seventh anniversary of the date of the closing of the Proposed Transaction.

[3] The Special Meeting at which Mirati unitholders are asked to approve Proposed Transaction currently is scheduled for December 13, 2023.

material information discussed below is disclosed to the Company's unitholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of Mirati common units.

10.      Defendant Mirati is a Delaware limited Company, with its principal executive offices located at 3545 Cray Court, San Diego, California 92121.  Mirati's shares trade on the Nasdaq Global Select Market under the ticker symbol "MRTX."  Mirati is a commercial-stage oncology company, develops novel therapeutics to address the genetic and immunological promoters of cancer in the United States.  Mirati's pipeline includes: (i) KRAZATI (adagrasib), which was granted accelerated FDA approval for the treatment of adult patients with

KRASG12C-mutated locally advanced or metastatic Non-Small Cell Lung Cancer who have received at least one prior systemic therapy; (ii) MRTX1719, an investigational synthetic lethal PRMT5 inhibitor designed to target the PRMT5/methylthioadensoine complex and is in clinical development; (iii) MRTX0902, a selective SOS1 inhibitor that improves anti-tumor efficacy in combination with targeted mitogen-activated protein kinase-pathway inhibitors, and is in clinical development; and (iv) MRTX1133, an investigational lead KRAS G12D compound.

11.     Defendant Faheem Hasnain is and has been Chairman of the Board and Lead Independent Director of the Company at all times relevant hereto.

12.     Defendant Charles Baum is the Founder of the Company and is and has been the President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

13.     Defendant Bruce Carter is and has been a director of the Company at all times relevant hereto.

14.     Defendant Julie Cherrington is and has been a director of the Company at all times relevant hereto.

15.     Defendant Aaron Davis is a Founder of the Company and is and has been the Chief Executive Officer, President and a director of the Company at all times relevant hereto.

16.     Defendant Carol Gallagher is and has been a director of the Company at all times relevant hereto.

17.     Defendant Craig Johnson is and has been a director of the Company at all times relevant hereto.

18.     Defendant Maya Martinez-Davis is and has been a director of the Company at all times relevant hereto.

19.     Defendant Shalini Sharp is and has been a director of the Company at all times

relevant hereto.

20.    Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

21.    On October 8, 2023, BMS and the Company jointly announced in relevant part:

**PRINCETON & SAN DIEGO** – October 8, 2023 – Bristol Myers Squibb (NYSE: BMY) and Mirati Therapeutics, Inc.® (NASDAQ: MRTX) today announced that they have entered into a definitive merger agreement under which Bristol Myers Squibb has agreed to acquire Mirati for $58.00 per share in cash, for a total equity value of $4.8 billion. Mirati stockholders will also receive one non-tradeable Contingent Value Right (CVR) for each Mirati share held, potentially worth $12.00 per share in cash, representing an additional $1.0 billion of value opportunity. The transaction was unanimously approved by both the Bristol Myers Squibb and the Mirati Boards of Directors.

Mirati is a commercial stage targeted oncology company whose mission is to discover, design and deliver breakthrough therapies to transform the lives of patients with cancer and their loved ones. Mirati's assets are a strong fit with Bristol Myers Squibb's portfolio and innovative pipeline and represent an attractive opportunity to grow Bristol Myers Squibb's oncology franchise. Through this acquisition, Bristol Myers Squibb will add KRAZATI, an important lung cancer medicine, to its commercial portfolio. The company gains access to several promising clinical assets that complement its oncology pipeline and are strong candidates for single agent development and combination strategies.

Mirati's portfolio includes:

- KRAZATI (adagrasib), which was granted accelerated U.S. Food and Drug Administration (FDA) approval for the treatment of adult patients with KRASG12C-mutated locally advanced or metastatic Non-Small Cell Lung Cancer (NSCLC) who have received at least one prior systemic therapy. KRASG12C mutations represent one of the most frequent alterations in NSCLC, accounting for approximately 14% of all NSCLC patients. KRAZATI also has several attributes that position it favorably versus other KRASG12C inhibitors, including its long half-life, and its demonstrated ability to be combined with a PD-1 inhibitor in first-line treatment of NSCLC in Phase 1 and 2 clinical trials. Adagrasib

has shown central nervous system (CNS) penetration and intracranial responses in patients with active and untreated brain metastases. Additionally, it has shown strong efficacy data as a second- and third-line treatment for patients with colorectal cancer in combination with cetuximab, and as a monotherapy in previously treated pancreatic ductal adenocarcinoma. Plans are underway to work with regulators to bring adagrasib to patients in these treatment settings in the near future;

- MRTX1719, a potential first-in-class MTA-cooperative PRMT5 inhibitor in Phase 1 development has shown encouraging early efficacy data across several tumor types with MTAP deletion, including NSCLC, cholangiocarcinoma (bile duct cancer) and melanoma, with no evidence to date of meaningful hematologic toxicities associated with non-selective PRMT5 inhibitors. MRTX1719 targets MTAP-deleted tumors that comprise approximately 10% of all cancers. Phase 2 clinical trial initiation for MRTX1719 is expected in the first half of 2024;

- A leading KRAS and KRAS enabling program, including MRTX1133 and MRTX0902. MRTX1133 targets the KRASG12D mutation, which is implicated in key tumor types, such as pancreatic cancer, NSCLC and colorectal cancer. MRTX0902 is a SOS1 inhibitor in Phase 1 clinical development with the potential for combination use with other agents targeting the MAPK/RAS pathway, including KRAZATI. The KRASG12D mutation is implicated in over 30% of pancreatic cancer patients, a disease with high unmet medical need.

"We are excited to add these assets to our portfolio and to accelerate their development as we seek to deliver more treatments for cancer patients," said Giovanni Caforio, Chief Executive Officer and Board Chair, Bristol Myers Squibb. "With a strong strategic fit, great science and clear value creation opportunities for our shareholders, the Mirati transaction is aligned with our business development goals. Importantly, by leveraging our skills and capabilities, including our global commercial infrastructure, we will ensure patients globally can benefit from Mirati's portfolio of innovative medicines."

"With multiple targeted oncology assets including KRAZATI, Mirati is another important step forward in our efforts to grow our diversified oncology portfolio and further strengthen Bristol Myers Squibb's pipeline for the latter half of the decade and beyond," said Chris Boerner, Ph.D., Executive Vice President and Chief Operating Officer and Chief Executive Officer-Elect, Bristol Myers Squibb. "Today's news builds upon our long legacy of delivering breakthrough therapies that transform the lives of people with cancer. We are impressed with the science that the talented people of Mirati have driven in service of patients, and we look forward to welcoming them to Bristol Myers Squibb."

Samit Hirawat, M.D., Chief Medical Officer and Head of Global Drug Development, Bristol Myers Squibb, said, "Mirati strengthens and complements our current portfolio by adding assets focused on intrinsic tumor targets in the MTAP and MAPK pathways. We believe Mirati's assets have the potential to change the standard of care in multiple cancers, both as standalone therapies and in combination with Bristol Myers Squibb's existing pipeline. We are excited about the significant potential that this transaction creates to transform patients' lives through science around the world."

"Since our founding 10 years ago, Mirati has made significant strides in transforming the lives of patients living with cancer through the development of innovative therapies. Through our discovery and development of next-generation targeted cancer therapeutics, we have built a robust pipeline of potentially best-in-class treatments that offer renewed hope for patients," said Charles Baum, M.D., Ph.D., Founder, President and Chief Executive Officer, Mirati Therapeutics, Inc. "This transaction is a testament to the potential of our platform and to our team's hard work and dedication to changing lives. Bristol Myers Squibb's global scale, resources and commitment to innovation will enable Mirati's therapeutics to benefit more patients, faster, and deliver on our vision of unlocking the science behind the promise of a life beyond cancer. We believe that this transaction is the best way to benefit patients and maximize value for shareholders."

The transaction is expected to be treated as a business combination and to be dilutive to Bristol Myers Squibb's non-GAAP earnings per share by approximately $0.35 per share in the first 12 months after the transaction closes.

**Transaction Terms and Financing**

Under the terms of the merger agreement, Bristol Myers Squibb through a subsidiary will acquire all of the outstanding shares of Mirati common stock at a price of $58.00 per share in cash representing a 52% premium to the 30-day VWAP as of the unaffected October 4, 2023 close, for a total equity value of $4.8 billion corresponding to an enterprise value of approximately $3.7 billion, which accounts for approximately $1.1 billion of Mirati cash. Each Mirati stockholder will also receive one non-tradeable CVR per Mirati share, which will entitle its holder to receive a one-time potential payment of $12.00 in cash, for a total value of approximately $1.0 billion, upon acceptance by U.S. FDA of a new drug application for MRTX1719 for the treatment of either locally advanced or metastatic NSCLC in patients who have received no more than two prior lines of systemic therapy within seven years after the closing of the merger, subject to the terms and conditions contained in a contingent value rights agreement detailing the terms of the CVR.

The transaction is anticipated to close by the first half of 2024, subject to fulfillment of customary closing conditions, including approval of Mirati's stockholders and receipt of required regulatory approvals.

Bristol Myers Squibb expects to finance the acquisition with a combination of cash and debt.

**Advisors**

Evercore Inc. and Centerview & Co. LLC are serving as financial advisors to Bristol Myers Squibb, and Kirkland & Ellis LLP is serving as legal counsel. Centerview Partners LLC is serving as financial advisor to Mirati, and Skadden, Arps, Slate, Meagher & Flom LLP is serving as legal counsel.

## The Materially Incomplete and Misleading Proxy Statement

22.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on October 30, 2023  The Proxy Statement, which recommends that Mirati unitholders vote their units in favor of the Proposed Transaction, fails to disclose material information to Company unitholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for Mirati and BMS; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Centerview Partners LLC ("Centerview"); and (c) potential conflicts of interest faced by Company insiders.

### *Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for the Company and BMS*

23.     The Proxy Statement fails to disclose material information concerning the financial forecasts for Mirati and BMS.

24.     The Proxy Statement fails to disclose the assumptions underlying each of the Company's Management Projections," "June 2023 Management Revenue Projections," and "September 2023 Management Revenue Projections."[4]

25.     The Proxy Statement also fails to disclose the "internal assumptions about the epidemiology, pricing, sales ramp, market share, patent exclusivity, research and development expenses, sales and marketing expenses, general and administrative expenses, effective tax rate and utilization of net operating losses, future equity raises conducted by Mirati[.]"[5]

***Material Misrepresentations and/or Omissions Concerning Centerview's and Centerview's Financial Analyses***

26.     The Proxy Statement fails to disclose material information concerning Centerview's and Centerview's financial analyses.

27.     As to the *Analysis of Consideration* performed by Centerview, the Proxy Statement fails to disclose the probability of realizing the milestone and the estimated timing therefor.

28.     As to the *Selected Public Company Analysis* and *Selected Precedent Transactions Analysis*, each performed by Centerview, the Proxy Statement fails to disclose: (a) the respective financial metrics for each selected company and transaction analyzed; and (b) Mirati's fully diluted outstanding shares.

---

[4] Specifically, the Proxy Statement fails to disclose: (a) the sales of KRAZATI and the continued commercialization and development of Mirati's product candidates; (b) the probability of success for the approval of adagrasib outside of the U.S. and for additional indications; (c) the probability of success of Mirati's pipeline programs; and (d) Mirati's worldwide commercialization of products and potential future collaborations with third parties and upfront payments, royalties and milestone payments received in connection with such collaborations. *See* Proxy Statement at 57.

[5] *Id.*

29.     As to the *Discounted Cash Flow Analysis* performed by Centerview, the Proxy Statement fails to disclose the Company's terminal values and fully diluted outstanding shares.

30.     As to the *Analyst Price Target Analysis* performed by Centerview, the Proxy Statement fails to disclose the individual price targets observed and their respective sources.

31.     As to the *Precedent Premiums Paid Analysis* performed by Centerview, the Proxy Statement fails to disclose the transactions analyzed and their respective observed premia.

***Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest***

32.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company Insiders, including whether any of BMS's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

33.     The Proxy Statement further fails to disclose when BMS first "expressed to Mirati that it anticipated that post-closing compensation arrangements for Messrs. Christensen and Hickey would take into consideration their performance awards at Mirati that did not vest and were forfeited in connection with the [Proposed Transaction."[6]

34.     The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Mirati's Financial Advisor – Centerview Partners LLC," "Interests of Mirati's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

---

[6] *Id.* at 66.

35.    Absent disclosure of the foregoing material information prior to the unitholder vote, Plaintiff and the other unitholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Mirati**

36.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37.    The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Mirati is liable as the issuer of these statements.

38.    The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

39.    The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

40.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable unitholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy

Statement and in other information reasonably available to unitholders.

41.     The Proxy Statement is an essential link in causing Plaintiff and the Company's

unitholders to approve the Proposed Transaction.

42.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange

Act and Rule 14a-9 promulgated thereunder.

43.     Because of the false and misleading statements in the Proxy Statement, Plaintiff

is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

44.     Plaintiff repeats and realleges the preceding allegations as if fully set forth

herein.

45.     The Individual Defendants acted as controlling persons of Mirati within the

meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as

officers and/or directors of Mirati and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement,

they had the power to influence and control and did influence and control, directly or indirectly,

the decision making of the Company, including the content and dissemination of the various

statements that Plaintiff contends are false and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to

copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47.    Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

48.    By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

49.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and

disseminate the material information identified above to Company unitholders;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.    Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  November 14, 2023                    **LONG LAW, LLC**

By:   */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*